# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Rikkendo Beard,** | Civil Action |
| **Plaintiff** | |
| v. | NO: 25-1436 |
| City of Philadelphia, et. al. | |
| **Defendants** | |

## ORDER

AND NOW, this _____ day of _____, 2025 upon consideration of Defendant the City of Philadelphia's Motion to Quash Service on Defendant **Ajeenera Abel**, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** service on Defendant **Ajeenera Abel** is quashed.

BY THE COURT:

_____
JOEL H. SLOMSKY, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Rikkendo Beard,** | : | Civil Action |
| **Plaintiff** | : | |
| v. | : | NO: 25-1436 |
| City of Philadelphia, et. al. | : | |
| **Defendants** | : | |

## DEFENDANT THE CITY OF PHILADELPHIA'S MOTION TO QUASH SERVICE ON DEFENDANT AJEENERA ABEL

Defendant the City of Philadelphia hereby moves to quash service on Defendant **Ajeenera Abel**. See Ex. A. Affidavit of Service.

Plaintiff alleges that on April 23, 2024 then-City of Philadelphia Correctional Officer Ajeenera Abel instructed other inmates to attack him. On July 26, 2024, Ms. Abel reigned as a Correctional Officer. On January 24, 2025, Plaintiff attempted to serve Ms. Abel via the City of Philadelphia Law Department. Id. City Law Department staff accepted service. Id. However, at the time of the incident, Ms. Abel was no longer a City employee and had not authorized the City to accept service on her behalf. Additionally, the City is under no obligation—and does not intend—to provide legal representation of Ms. Abel. Put differently, the Law Department communicated its acceptance of service in error, and it was unauthorized.

"Upon determining that process has not been properly served on a defendant, . . . the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Process may be served, as relevant here,

1

as permitted under the law of the state where the Court sits, or by delivering a copy to an authorized agent. See Fed. R. Civ. Proc. 4(e)(1), (e)(2)(C). Pennsylvania law, in turn, permits service of original process "by handing a copy . . . (iii) at any office or usual place of business of the defendant to his agent or the person for the time being in charge thereof." Pa. R. Civ. Proc. 402(a)(2). Additionally, "the defendant or his authorized agent may accept service of original process by filing a separate document which shall be substantially" in the form prescribed by the rule. Pa. R. Civ. Proc. 402(b). But "as all courts acknowledge, where a lawyer has been served with process but does not have express authority to accept the same on behalf of his client, the court lacks jurisdiction to act against the person of the client." City of Philadelphia v. Berman, 863 A.2d 156, 161 (Pa. Commw. 2004) (quoting U.K. LaSalle, Inc. v. Lawless, 618 A.2d 447, 450 (Pa. Super. 1992).

In Williams v. Del. Cnty. Bd. of Prison Inspectors, the plaintiff attempted to serve former correctional officers employed by a Pennsylvania government entity by delivery of the summons to the authorized agent for their former employer. No. 17-4348, 2018 WL 5018455, at *2–3 (E.D. Pa. Oct. 15, 2018). The Court acknowledged it would typically quash service, but went further, dismissing the action based on other, aggravating facts in the case. Id. at *4 & n.22. The plaintiff could not "properly serve [defendants] by serving their former employer or their former employer's authorized agent." Id. at *3.

As with Williams, service on Ms. Abel is improper here because the City neither employed her at the time of service nor was its Law Department authorized to accept service on her behalf. Additionally, the City has no obligation or intention to provide legal representation for Felts and Castor. While a motion to quash service might typically be brought by the improperly served individual, the City makes this motion to avoid wasting the resources of the parties and the Court on litigation of an improperly entered default, initiated partly by the City's oversight in

2

communicating an acceptance of service for this individual.

For all the foregoing reasons, the Court should quash service on Ms. Abel in accordance with the attached form Order or grant such other relief it deems just.

Date: March 19, 2025

Respectfully submitted,

 /s/ *Michael Pestrak*
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Rikkendo Beard,** | : | Civil Action |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 25-1436 |
| | : | |
| City of Philadelphia, et. al. | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the Defendant the City of Philadelphia's Motion to Quash Service on Defendant Ajeenera Abel was filed via the Court's electronic filing system and is available for downloading.

Date: March 19, 2025

Respectfully submitted,

/s/ *Michael Pestrak*
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov