IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIKKENDO BEARD | : |
| | : NO: 25-cv-1436 |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA, et al. | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AJENERA ABEL *INCORRECTLY IDENTIFIED AS AJENEERA ABEL***

Defendant Ajenera Abel *incorrectly identified as Ajeneera Abel* ("Answering Defendant"), by and through counsel, hereby answers Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Denied. Strict proof is demanded at trial.

**JURSIDICTION AND VENUE**

2-4. It is admitted, based on the allegations of plaintiffs' complaint, the jurisdiction and venue appear to be proper in this Court.

**PARTIES**

5. Denied. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands strict proof at trial.

6-8. The averments of these paragraphs are directed to parties other than answering defendant such that no response is required. To the extent a response is required, after reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands strict proof at trial.

9-10. Admitted in part. Denied in part. It is admitted that answering defendant was a Correctional Officer at PDP and employed by the City of Philadelphia. All allegations with respect to answering defendant's status "at all times relevant to this Complaint" are denied, as those times

are not defined. It is denied that answering defendant is properly identified in this suit. The remaining averments of these paragraphs are directed to parties other than answering defendant such that no response is required. To the extent a response is required, after reasonable investigation, answering defendant is unable to form a belief as to the truth of the remaining averments of these paragraphs, denies the same, and demands strict proof at trial.

11. Admitted in part. Denied in part. Answering defendant admits that Plaintiff purports to bring a claim against answering defendant in her individual capacity and denies all allegations and demands strict proof at trial. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the remaining averments of this paragraph, denies the same, and demands strict proof at trial.

12. Denied. Answering Defendant denies the averments of this paragraph and demands strict proof at trial.

## FACTUAL ALLEGATIONS

13-38. Denied. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands strict proof at trial.

39. Denied. Strict proof is demanded at trial.

40-42. Denied. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands strict proof at trial.

43-44. Denied. Answering Defendant denies the averments of these paragraphs and demands strict proof at trial.

45-56. Denied. After reasonable investigation, answering defendant is unable to form a belief as to the truth of the averments of these paragraphs, denies the same, and demands strict proof at trial.

57. Denied. Strict proof is demanded at trial.

## COUNT I
### Federal Civil Rights Violations Under 42 U.S.C. § 1983
### Rikkendo Beard v. Correctional Officer Orville Ford, Sargeant Aisha Ryans, Correctional Officer Ajeenera Abel, and Defendants John/Jane Doe

58. Answering defendant incorporates by reference responses to preceding paragraphs of the complaint as if fully set forth here at length.

59-63. Denied. Strict proof is demanded at trial.

## COUNT II
### Failure to Protect or Intervene – 42 U.S.C. § 1983
### Rikkendo Beard v. Correctional Officers Orville Ford, Sargeant Aisha Ryans, and Defendants John/Jane Doe

64. Answering defendant incorporates by reference responses to preceding paragraphs of the complaint as if fully set forth here at length.

65-68. Denied. The averments of these paragraphs are directed to parties other than answering defendant such that no response is required. To the extent a response is required, the averments of these paragraphs are denied. Strict proof is demanded at trial.

## COUNT III
### Rikkendo Beard v. City of Philadelphia

69. Answering defendant incorporates by reference responses to preceding paragraphs of the complaint as if fully set forth here at length.

70-74. Denied. The averments of these paragraphs are directed to parties other than answering defendant such that no response is required. To the extent a response is required, the averments of these paragraphs are denied. Strict proof is demanded at trial.

## **AFFIRMATIVE DEFENSES**

1. At all times material herein, the Plaintiff was afforded all the rights, privileges, and immunities granted pursuant to the Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

2. At no time material hereto did answering defendant act recklessly or maliciously or with a disregard for the Plaintiff's health, safety, or welfare.

3. The Plaintiff suffered no legally cognizable injuries or damages as a result of any alleged improper acts or omissions on the part of answering defendant.

4. At all times material herein, the actions of answering defendant was appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

5. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

6. Plaintiff has failed to mitigate his damages.

7. Answering defendant is entitled to qualified immunity.

8. At all relevant times, answering defendant acted in an objectively reasonable manner.

9. Merely negligent or careless conduct on the part of answering defendant fails to support a cause of action under 42 U.S.C. § 1983.

10. The conduct of answering defendant was carried out in good faith and without malice.

11. Plaintiff's alleged injuries were caused by the independent, intervening and superseding conduct of other persons or entities not under the control or supervision of answering defendant.

12. If plaintiff suffered a deprivation of his constitutional rights, which is denied, it was not clearly established that the conduct of answering defendant constituted a constitutional violation.

13. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the provisions of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e), including but not limited to, the provisions requiring exhaustion of all administrative remedies before commencing a federal suit, and the physical injury requirement.

**WHEREFORE**, defendant, Ajenera Abel *incorrectly identified as Ajeneera Abel*, demands that judgment be entered in her favor together with the costs of the defense of this matter.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

By: /s Nicholas A. Cummins
NICHOLAS A. CUMMINS
ATTORNEY I.D. NO. 203238
SARA GRAY
ATTORNEY I.D. NO. 328440
CENTRE SQUARE, WEST TOWER
1500 MARKET STREET, 32ND FLOOR
PHILADELPHIA, PA  19102
(215) 665-3328 / (215) 561-6661 - fax
cummins@bbs-law.com
gray@bbs-law.com
Attorneys for Defendant, Ajenera Abel *incorrectly identified as Ajeneera Abel*

Date:  April 18, 2025